Lori E. Andrus (SBN 205816)
Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
lori@andrusanderson.com
jennie@andrusanderson.com

*Attorneys for Plaintiff*

Matthew G. Ball (SBN 208881)
K&L GATES LLP
55 Second Street, Suite 1700
San Francisco, California 94105-3493
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
matthew.ball@klgates.com

*Attorneys for Defendant Lydian Private Bank*

[additional counsel on signature page]

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GUILLERMO NAVA, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LYDIAN PRIVATE BANK, WASHINGTON MUTUAL BANK, F.A., AND DOES 1-10,<br><br>Defendants. | Case No. 2:08-CV-00069-FCD-KJM<br><br>**STIPULATION AND ORDER REGARDING CONFIDENTIAL MATERIALS** |

**STIPULATED ORDER REGARDING**
**<u>CONFIDENTIAL  MATERIALS</u>**

Plaintiff Guillermo Nava ("plaintiff") and defendant Lydian Private Bank ("defendant") (collectively "the parties" or individually "party") have stipulated that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order.

1. <u>Designation of Materials as Confidential</u>.  All documents produced in the course of discovery, initial disclosures, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all affidavits, briefs and pleadings, and all deposition and trial testimony and deposition and trial exhibits, shall be subject to this Order concerning confidential information, as set forth below.  The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."

   (a) "Confidential," for the purposes of this Order, means:

   (i) "Trade secret," as set forth in the Uniform Trade Secrets Act, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

   (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

   (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

    (ii)  Non-public communications with regulators or other governmental bodies that are kept confidential and/or are protected from disclosure by statute or regulation;

    (iii)  Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential commercial information for which the designating party has taken reasonable measures to maintain their confidentiality and non-public status; and

    (iv)  Information subject to federal or state privacy rights.

  One who provides material may designate it as Confidential only when such person in good faith believes it contains Confidential information.  A party designating information as Confidential should take reasonable care to designate only those materials, documents, items, or oral or written communications that the party reasonably believes to qualify for protection – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  A designating party must take reasonable care to avoid unjustified mass or routinized designations and indiscriminate designations.  If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection initially asserted, that party or non-party should promptly notify all other parties that it is withdrawing the mistaken designation.

  Except for documents produced for inspection at the party's facilities, the designation of Confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked Confidential.  Once specific documents have been designated for copying, any documents containing Confidential information will then be marked Confidential after copying but before delivery to the party who

**STIPULATION AND ORDER REGARDING CONFIDENTIAL MATERIALS**  3  **Case No. 2:08-CV-00069-FCD-KJM**

inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked confidential pursuant to this procedure.

       (b)      When Confidential information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, including exhibits, the party asserting that the information or disclosure is confidential shall, with the cooperation of all other parties, shall take reasonable steps to identify on the record before the close of the deposition, hearing, or other proceeding, the scope of any Confidential information in the testimony and make arrangements with the court reporter during the course of such deposition or other proceeding to label the transcript or exhibits as "CONFIDENTIAL".   If a significant portion of the testimony contains what the designating party deems to be Confidential information, the transcript as a whole may be marked "CONFIDENTIAL." If, however, only part of the testimony is Confidential, the designating party shall inform the court reporter of the specific pages to be marked "CONFIDENTIAL" within (30) days of receipt of the original or a copy of the transcript.  If a party does not designate any part of the transcript as "CONFIDENTIAL" during the deposition, hearing or other proceeding, a party may still designate, in writing, such transcripts, portions thereof, or exhibits as "CONFIDENTIAL" within thirty (30) days after receipt by the designating party of the original or a copy thereof.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. If designation is made during the 30-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" on the transcript pages that have been identified as containing Confidential information, on each or all of the exhibits so designated, and on each copy thereof, upon notice that the Confidential designation has been made. Nothing in this

subparagraph waives a party's right to challenge the designation of the transcript or any part thereof, pursuant to paragraph 5, however.

(c) With respect to Confidential information at trial, any party may move the Court for an order that Confidential material be received in camera or under other conditions to prevent unnecessary disclosures. The Court will then determine whether the proffered evidence should continue to be treated as Confidential information and, if so, what protection, if any, may be afforded to such information at trial.

(d) Information or documents designated as Confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties shall not disclose information or documents designated as Confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(e) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (i) the parties and their parents and subsidiaries, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (ii) the parties' attorneys of record in this action, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(iii) in-house counsel to the parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(iv) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(v) employees of outside copying, printing, binding, litigation support, mediators or computer input services;

(vi) any person who is an author, original source of information, addressee, or intended recipient of, or who previously had access to, the Confidential information;

(vii) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence;

(viii) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in proficiency to testify. Prior to disclosure, the witness must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence;

(ix) any other person as to whom the party that designated the document or information as "CONFIDENTIAL" has consented to disclosure in advance; and

(x) such other persons as the parties may agree or may be ordered by the Court.

  (f) Regardless of designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or discovery material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Order. Nothing in this subparagraph shall waive or relieve the parties of applicable ethical duties governing contact with former or current employees, however.

  (g) Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as Confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

  (h) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. <u>Confidential Information Filed with Court</u>.  If a party wishes to include information designated as "CONFIDENTIAL" in any papers filed with the Court, the party submitting the materials shall adhere to the following procedures:

  (a) If the filing party is seeking to have the record containing such information sealed or if the filing party is the party who has designated the material "CONFIDENTIAL," the party shall file the document with the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED" together with a simultaneous motion pursuant to Eastern District of California Local Rule 39-141;

  (b) If the filing party is not seeking to have the record containing such information sealed and is not the designating party, the party shall file the document conditionally under seal as follows:

(i) the document(s) containing Confidential information shall be put in a sealed envelope, and provided to the Court; (ii) the envelope must be labeled "FILED CONDITIONALLY UNDER SEAL;" and (iii) the party submitting the document(s) must affix to the envelope a cover sheet that contains the case caption and states that the enclosed record is subject to a motion to file the record under seal.  Any affected party or non-party may then file a motion to seal, pursuant to Civil Local Rule 39-141, within ten (10) business days after the document(s) are provided to the Court.  Such document(s) will not be filed with the Clerk of Court until the Court rules on the motion to seal.  If no party or non-party files a motion to seal, the document(s) will be filed, unsealed, after the expiration of ten (10) business days.

3.     <u>Party Seeking Greater Protection Must Obtain Further Order</u>.  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c). However, no part of this Protective Order shall be construed in any way to prohibit a party from withholding otherwise-discoverable information on the basis of the attorney-client privilege, the attorney work product doctrine, or any other privilege recognized by state or federal law.

4.     <u>Private Consumer Information</u>.   Private Consumer Information refers to borrower-specific and/or credit applicant-specific information, including private consumer information that contains identifying, contact or private financial information provided by a consumer to a financial institution and any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq*.  The parties currently dispute when and if such information will be subject to discovery in this case.  Thus, the parties agree to submit a supplemental protective order addressing Private Consumer Information as necessary and at such time that such information is produced by agreement or court order.

5.      <u>Challenging Designation of Confidentiality</u>.  A party does not waive its right to challenge a designation of "CONFIDENTIAL" by electing not to mount a challenge promptly after the original designation is disclosed.   A party that elects to initiate a challenge to a designating party's designation of "CONFIDENTIAL" must first meet and confer directly with counsel (via a voice-to-voice dialogue) for the designating party.  If the parties are unable to resolve the issue, a party may challenge the designation of confidentiality upon motion to the Court.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

6.      <u>Return of Confidential Material at Conclusion of Litigation</u>.  At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party.  If the parties so stipulate, the material may be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials are Confidential.  Any such archival copies that contain or constitute Confidential material remain subject to this Order.

7.      <u>No Waiver</u>.  The inadvertent, unintentional, or in camera disclosure of Confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  If a party inadvertently or unintentionally produces any Confidential document or information without marking or designating it as such in accordance with the provisions of this Order, that party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order.  Each receiving person must treat such information as confidential from the date such notice is received.  Disclosure of such confidential

document or information prior to the receipt of such notice, if known, shall be reported to the party that made the disclosure.

8.      <u>Unauthorized Disclosure</u>.  If a party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this Stipulated Protective Order, the that party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully submitted,

| */s/ Jennie Lee Anderson* | */s/ Phoebe S. Winder* |
|---|---|
| Jennie Lee Anderson | Phoebe S. Winder |

| | |
|---|---|
| Jennie Lee Anderson (SBN 203586)<br>Lori E. Andrus (SBN 205816)<br>ANDRUS ANDERSON LLP<br>155 Montgomery Street, Suite 900<br>San Francisco, CA 94104<br>Telephone:  (415) 986-1400<br>Facsimile:  (415) 986-1474<br>jennie@andrusanderson.com<br>lori@andrusanderson.com<br><br>David M. Arbogast (SBN 167571)<br>Jeffrey K. Berns (SBN 131351)<br>ARBOGAST & BERNS LLP<br>6303 Owensmouth Ave., 10th Floor<br>Woodland Hills, CA 91367-2263<br>Phone: (818) 961-2000<br>Fax:     (818) 936-0232<br>darbogast@law111.com<br>jberns@law111.com<br><br>*Attorneys for Plaintiff* | R. Bruce Allensworth (admitted *pro hac vice*)<br>Irene C. Freidel (admitted *pro hac vice*)<br>Phoebe S. Winder (admitted *pro hac vice*)<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>Telephone: (617) 261-3100<br>Facsimile: (617) 261-3175<br>bruce.allensworth@klgates.com<br>irene.freidel@klgates.com<br>phoebe.winder@klgates.com<br><br>Matthew G. Ball (SBN 208881)<br>K&L GATES LLP<br>55 Second Street, Suite 1700<br>San Francisco, California  94105-3493<br>Telephone: (415) 882-8200<br>Facsimile:  (415) 882-8220<br>matthew.ball@klgates.com<br><br>*Attorneys for Defendant Lydian Private Bank* |

Dated: December 1, 2009

**IT IS SO ORDERED** this 2nd day of December 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of <u>Nava v. Lydian Private Bank, et al.,</u> No. 08-CV-00069-FCD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name: _____
                       [printed name]

Signature: _____
                       [signature]